UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Singleton, # 344630, <br> *f.k.a. Michael A. Singleton # 1081861,* <br> *f.k.a. Michael A. Singleton # 63483*, <br><br>                               Plaintiff, <br><br> vs. <br><br> 10 Unidentified U.S. Marshals et al.; The State of S.C.; The State of N.J.; The Bergen County System; The 9th Judicial Circuit System etc.; Judge Dedra Jefferson; Judge Victor A. Rawl; Assistant Solicitor Debra H. Lash; North Charleston Police Department; Sheriff Al Cannon, Jr.; Magistrate Judge Bruce H. Hendricks; Judge C.W. Houck; Robert O'Neil Phipps, Jr.; and Public Defender Kelly K. Solars, <br><br>                              Defendants. | C/A No. 2:11-1811-TLW-JDA <br><br><br><br><br><br> **REPORT AND RECOMMENDATION** |

      This is a civil action filed by Michael A. Singleton ("Plaintiff"), a state prisoner confined in the South Carolina Department of Corrections' Evans Correctional Institution ("ECI") in Bennettsville, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge. Plaintiff's Complaint is liberally construed as an attempt to assert a claim of violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983[1] and

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir.

1

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).² However, because Plaintiff seeks a declaratory judgment, a writ of mandamus, and his immediate unconditional release from imprisonment (*see* ECF No. 1, p. 1), this Court lacks jurisdiction to hear the case, since it cannot grant such requested relief in this action. Moreover, the Complaint is frivolous and fails to state a claim, under § 1983 and *Bivens*, against any of the named Defendants.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress

---

1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

² In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim brought against a federal official for violation of a plaintiff's constitutional rights is analogous to a claim brought under 42 U.S.C. § 1983 against a state official in his or her personal capacity for violation of a plaintiff's constitutional rights while the defendant was acting under color of state law. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act "under color of state law." *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988)(abrogated on other grounds by *Johnson v. Jones*, 515 U.S. 304 (1995), *see Winfield v. Bass*, 106 F.3d 525, 529 (4th Cir. 1997)). *Bivens* claims, like § 1983 claims, address violations of constitutional rights by "persons." Under *Bivens*, "[A] plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

2

from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff states that he "seeks a declaratory judgment to him being kidnapped by U.S. Marshals" and a writ of mandamus ordering that Plaintiff "be contacted by federal agents to assist him in receiving redress of being subjected to irreparable injury." ECF No. 1, p. 1, 3. Plaintiff describes this action as a "motion for declaratory judgment, [and] for writ of mandamus," asserting a claim that 'the conduct of law enforcement violated Petitioner's constitutional rights", and seeking the relief of "immediate unconditional release of Petitioner, [and] executive expungement of record," [and a] "clocked stamped copy of this petition being sent to him." ECF No. 1, p. 1. Plaintiff's Complaint also includes a document, captioned "In the Supreme Court for the United States of America," entitled "28 U.S.C. 1651 Application for a Writ of Mandamus. Relief sort (sic): order an (sic) full scale criminal investigation." ECF No. 1, p. 7. The Complaint should be summarily dismissed,

without prejudice and without issuance and service of process, because this Court lacks jurisdiction to grant Plaintiff's requests for declaratory, mandamus, and habeas relief.

## DISCUSSION

Plaintiff cannot obtain the requested relief of release from prison in this action because such relief is only available in a habeas corpus proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir.1995) (applying *Preiser*); *Story v. Kopko*, No. 3:09-2893-PMD, 2010 U. S. Dist. LEXIS 10316 (D.S.C. Feb. 5, 2010). To issue an order for Plaintiff's release from custody and expungement of his record, this Court would be required to invalidate Plaintiff's state court criminal judgment. This is something which cannot be done in a § 1983/*Bivens* case. Although § 1983 and *Bivens* provide access to a federal forum for claims of unconstitutional treatment at the hands of state or federal officials, according to the United States Supreme Court "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser*). It is settled law that, under the type of circumstance present in this case, claims seeking "a quantum change in the level of custody," including "freedom subject to the limited reporting and financial constraints of bond or parole or probation," are properly considered in habeas corpus. *Wilkinson v.*

4

*Dotson*, 544 U.S. 74, 82, 86 (2005).  Plaintiff has previously pursued several unsuccessful habeas corpus petitions regarding his 2003 conviction.[3]  In Civil Action Nos. 8:02-3048; 8:02-3916; and 8:02-4057, he unsuccessfully pursued pretrial petitions under 28 U.S.C. § 2241.  He also pursued several unsuccessful § 1983 claims in which he asserted claims of unconstitutional confinement and in which he was informed by this Court of the case of *Heck v. Humphrey*, 512 U.S. 477 (1994) and its negative effect on such claims.[4]  *See* Civil Action Nos. 8:02-1614; 8:02-2116; 8:02-2612; 8:02-3109; 8:03-7; 8:03-8.  Plaintiff's initial § 2254 petition addressing his 2003 conviction was not submitted to this Court until after Plaintiff was arrested on probation violation charges on July 14, 2010.  That § 2254 habeas corpus petition was dismissed by this Court on August 25, 2011.  *See* Order, *Singleton v. Warden*, C/A No. 2:11-1034-TLW-BHH (D.S.C.) ECF No. 23.  At the present time, Plaintiff has not filed a § 2254 habeas action challenging his 2010 conviction for violation of probation.

Plaintiff's request for a declaratory judgment is not a request for declaratory relief in the true legal sense (*see* Fed. R. Civ. P. 57, 28 U.S.C. § 2201) and Plaintiff's Complaint

---

[3] The Court takes judicial notice of Plaintiff's prior proceedings.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'")

[4] In civil rights actions in which Fourth Amendment issues relate to a conviction, *Heck v. Humphrey* is applicable.  *See Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003);  *Booker v. Kelly* , 888 F. Supp. 869 (N.D. Ill. 1995);  *Perkins v. Orr*, No. 9:04-835-08, 2004 WL 3217867, *3+ (D.S.C. Jul 01, 2004) (unpublished opinion).  Plaintiff's conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  Hence, under *Heck v. Humphrey*, no cause of action under § 1983 has accrued.

is not an appropriate pleading which states the type of "case of actual controversy" required to invoke the jurisdiction of this Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "District courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). "Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed.Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "clearly intended to convey a request different from a formal declaration under the Declaratory Judgment Act")). Consequently, Plaintiff's Complaint, insofar as it seeks a "declaration" that Plaintiff was "kidnapped by U.S. Marshals," does not state a plausible claim for declaratory relief and does not confer federal jurisdiction over any claim that does not otherwise fall within the subject matter jurisdiction of the federal court. *See Mason & Dixon Lines, Inc. v. Eagerton*, 555 F. Supp. 434, 436 (M.D. Ala. 1982); *Beltran v. Brownell*, 121 F. Supp. 835, 836 (S.D. Cal. 1954). *See also Stokes v. Moorman*, C/A No. 9:10-1711-CMC-BM, 2010 WL 3862568 at *5-6 (D.S.C. Aug. 17, 2010) adopted by, dismissed without prejudice, 2010 WL 38344702010 (D.S.C., Sept. 27, 2010),

aff'd, 406 Fed.Appx. 823 (4th Cir. Jan. 4, 2011), cert. denied, 131 S.Ct. 2994 (U.S. Jun 13, 2011); *Abebe v. Richland County*, C/A No. 2:09-02469-MBS-RSC, 2009 U.S. Dist. LEXIS 127408 at *11-12 (D.S.C. Oct. 8, 2009) (plaintiff's request for declaratory judgment "misses the mark" when he asks the court for declarations that the acts and omissions described in the complaint violated his rights under the constitution); *Wise v. United States*, C/A No. 6:09-1376-HFF-WMC, 2009 U.S. Dist. LEXIS 87504 at *11 (D.S.C. June 24, 2009) ("Plaintiff's request in his amended complaint for a declaratory judgment is nothing more than a request to establish the liability of the defendants on his claims. Plaintiff is not entitled to the "declaratory" relief that he seeks.").

With regard to Plaintiff's request for a writ of mandamus[5] ordering that Plaintiff "be contacted by federal agents to assist him in receiving redress of being subjected to irreparable injury," Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (applying *Linda R.S. v. Richard D*. and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970).  Closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina.  In *Leeke*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards.  The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request,

---

[5] *See Black's Law Dictionary* (8th ed. 2004) (mandamus: "A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly.")

7

declined to issue the warrants. In *Leeke*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See* 454 U.S. at 86-87; *see also In re Appointment of Independent Counsel*, 766 F.2d 70, 74-76 (2d Cir. 1985); *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 378-83 (2d Cir. 1973). Moreover, in its *Timmerman* opinion, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See* 454 U.S. at 87 n. 2 (citing *State v. Addison*, 2 S.C. 356, 364 (1871)). A writ of mandamus is a drastic remedy which is used by courts only in "exceptional circumstances." The authority of a federal court to issue a writ under 28 U.S.C. § 1651 exists for the sole purpose of protecting the jurisdiction of the federal courts. Thus, federal courts have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, and this result is not changed because the relief sought concerns an alleged right secured by the Constitution of the United States. *Craigo v. Hey*, 624 F. Supp. 414, 416 (S.D. W. Va. 1985) (citing *Covington & C. Bridge Co. v. Hager*, 203 U.S. 109, 111 (1906)). Further, the courts of the United States have no power to acquire jurisdiction of a case or question by issuing a writ of mandamus. *Id.* (citing *McClellan v. Carland*, 217 U.S. 268 (1910)). Accordingly, there is no jurisdictional basis shown for the Court to "order a[] full scale criminal investigation" that "federal agents . . . assist [Plaintiff] in receiving redress" to prosecute alleged violators of Plaintiff's constitutional rights. Although Defendants in this action have not been called upon to answer or otherwise plead, this Court is authorized to dismiss this action *sua sponte* if satisfied that it is "frivolous or

malicious". *See* 28 U.S.C. § 1915(d); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The test for frivolousness in the Fourth Circuit has been stated as follows: "To satisfy the test of frivolousness under Section 1915(d), it is . . . essential for the district court to find 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief." *Boyce v. Alizaduh*, 595 F.2d 948, 952 (4th Cir. 1979) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).[6] Plaintiff's request for mandamus states no facts upon which relief can be granted in this Court.

Plaintiff alleges numerous constitutional violations in connection with his 2001 arrest, his pretrial detention, his 2003 conviction (via guilty plea) in Charleston County, his July 14, 2010 arrest in New Jersey for violation of probation, and his probation revocation, all of which resulted in his current incarceration in ECI. Any claims by Plaintiff for monetary damages relating to both his 2003 conviction/sentence and 2010 probation revocation/sentence are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In the instant case, Plaintiff's claims re: his 2001 - 2003 arrest, detention, and conviction/sentence, while not automatically barred by *Heck*, are clearly time-barred by § 1983's/*Bivens*' three-year statute of limitations. In civil rights cases filed in the District of South Carolina, this Court must apply South Carolina's general personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 265-280 (1985) (in § 1983 actions, federal courts should apply a state's

---

[6] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous".

general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at South Carolina Code of Laws § 15-3-530, which establishes a three-year limitations period for causes of action arising on or after April 5, 1988. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See, e.g., United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.") (citing *Todd*, 712 F.2d 70, and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.") (citation omitted)).

Additionally, most of the named Defendants in the instant action are not amenable to a lawsuit brought pursuant to § 1983 and/or *Bivens* because they are either immune, not "persons," and/or not "state actors." Plaintiff alleges that, in 2001 - 2003, and again in 2010 - 2011, he was subjected to "egregious constitutional violations" by a "chain [of] conspirators" (ECF No. 1, p. 6), including: (1) SC Circuit Court Judge De[a]dre Jefferson, who "held [Plaintiff] to a ransome (sic) bond violating [his] 8th Amendment rights" - in 2001 - (this claim is barred by absolute judicial immunity and is also time-barred)[7]; (2) former SC Circuit Court Judge Victor Rawl, who "held [Plaintiff's] hearing despite of the conflict of interest violating [his] 14th Amendment rights - in 2003 - (this claim is barred by absolute judicial immunity and is also time-barred)[8]; (3) Assistant Solicitor Debra H. Lash, who "subjected [Plaintiff] to prosecutorial misconduct, violating [his] 1st, 5th, 6th, 8th and 14th Amendment rights - in 2001 - 2003 - (this claim is time-barred, and this Court has no subject matter jurisdiction to hear it because, although absolute prosecutorial immunity does not bar a § 1983 claim for injunctive/declaratory relief, it is not "true declaratory relief"

---

[7] *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Judicial immunity and quasi-judicial immunity apply in actions seeking injunctive relief, but do not extend to actions seeking declaratory relief. *See Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 735-37 (1980) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)). (The 1996 amendments to § 1983 superseded *Consumers Union* with respect to injunctive relief. *See Arena v. Dep't of Soc. Servs.*, 216 F. Supp. 2d 146, 154 (E.D.N.Y. 2002).) However, as noted above, insofar as the Complaint in this case seeks a declaratory judgment, it does not state a plausible claim for declaratory relief and does not confer jurisdiction over any claim that does not otherwise fall within the subject matter jurisdiction of this Court.

[8] *See* n. 7.

that Plaintiff seeks here); (4) North Charleston Police Department, which "violated [Plaintiff's] Miranda rights to due process of proper arrest procedures" - in 2001- (this claim is barred because this defendant not a "person" under § 1983[9] and the claim is also time-barred); (5) Charleston County Sheriff Al Cannon, Jr., who "violated [Plaintiff's] pretrial detainee rights under the 14th Amendment" - in 2001 - 2003 - (this defendant has Eleventh Amendment immunity[10] and this claim is also time-barred); (6), (7)  United States

---

[9] A city police department is an integral part of a city and not a separately sue-able entity under § 1983.  *See, e.g., Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985); *Post v. City of Ft. Lauderdale*, 750 F. Supp. 1131, 1132-33 (S.D. Fla. 1990); *Mo. ex rel. Gore v. Wochner*, 475 F. Supp. 274, 280 (E.D. Mo. 1979).  Moreover, municipal police departments and bureaus are generally not considered "persons" within the meaning of § 1983.  This view is in accord with the majority of federal courts that have addressed this issue.  *See, e.g.,  United States v. Kama,* 394 F.3d 1236, 1239-40 (9th Cir. 2005); *Dean v. Barber,* 951 F.2d 1210, 1214-15 (11th Cir. 1992); *Nicholson v. Lenczewski,* 356 F. Supp.2d 157, 163-64 (D. Conn.2005); *Stump v. Gates,* 777 F. Supp. 808, 815-16 (D. Colo. 1991); *Hoffman v. Hunt,* 845 F. Supp. 340, 344 n. 1 (W.D.N.C.1994); *PBA Local No. 38 v. Woodbridge Police Dep't,* 832 F. Supp. 808, 825-26 (D.N.J.1993); *Johnson v. City of Erie,* 834 F.Supp. 873, 878-79 (W.D. Pa.1993); *Gore v. Conway Police Dept.*, No. 9:08-1806-RBH , 2008 WL 2566985 (D.S.C. June 26, 2008); *Hall v. Neal,* No. 5:04-CV-65-OC-10GRJ, 2006 WL 462600, at *3 (M.D. Fla. Feb.27, 2006); *Shilling v. Brush,* No. 4:05-CV-871, 2005 WL 2100707, at *3 (M.D. Pa. Aug.26, 2005). Additionally, Plaintiff's Complaint fails to state a claim against the North Charleston Police Department under *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 694 (1978), a municipality may be liable pursuant to § 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'"  *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir.1984).

[10] Under South Carolina law, a sheriff's department is a state agency, not a municipal department, and has Eleventh Amendment immunity from a suit for monetary damages under § 1983.  *See Millmine v. County of Lexington*, C/A No. 3:09-1644-CMC, 2011 WL 182875 at *5 (D.S.C. Jan. 20, 2011); *Johnson v. Newberry County Det. Ctr.*, C/A No. 4:09-00047-HFF-TER, 2010 WL 737843 at *11 (D.S.C. Feb. 26, 2010); *Carter v. Georgetown County Sheriff's Dept.*, C/A NO. 3:09-779-CMC-JRM, 2009 WL 1393509 at *3 (D.S.C. May 18, 2009); *Stewart v. Beaufort County,* 481 F. Supp. 2d 483,  492-93 (D.S.C. 2007).  The Fourth Circuit has affirmed the dismissal of § 1983 claims against sheriff's departments and sheriff's deputies based on lack of federal court jurisdiction due to their Eleventh Amendment immunity.  *See Wall v. Sloan*, 135 F.3d 771 (4th Cir

Magistrate Judge Bruce Howe Hendricks and United States District Judge C. Weston Houck, who "failed to redress [Plaintiff's] being stripped of federally guaranteed rights, violating [his] 14th Amendment rights" - in 2002 - 2004 - (these defendants have absolute judicial immunity[11] and these claims are also time-barred); (8), (9) Robert O'Neil Phipps, Jr., private attorney, and Public Defender Kelly Kassis Solars, who "failed to defend [Plaintiff] violating [his] 1st, 4th, 5th, 6th, 8th, and 14th Amendment rights" - in 2002 - 2003 and in 2010 - (these claims are barred because neither attorney acted "under color of state law" in 2002 - 2003 or in 2010[12] and the 2002 - 2003 claims are also time-barred); (10) 10 Unidentified U.S. Marshals - (see discussion, below).

Notwithstanding the above lengthy list of defendants and alleged constitutional violations, which raise the same alleged complaints as were raised in several of Plaintiff's many previous lawsuits in this Court (especially C/A No. 8:11-1198-HFF-JDA), it appears that Plaintiff's chief compliant in the instant action is that, on July 14, 2010, ten (10) unidentified U.S. Marshals "kidnapped" him from his residence in New Jersey, allegedly without probable cause, without a warrant, without complying with "proper arrest procedures" and extradition requirements, and "unlawfully detained [him] . . . on a 7 year

---

1998) reported in full-text format at 1998 WL 54938 at *1 (4th Cir. 1998); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996); *Gulledge v. Smart*, 691 F.Supp. 947 (D.S.C. 1988), affd. 878 F.2d 379 (1989).

[11] *See* n. 7.

[12] It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. at 317-324 nn.8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d at 1155-1156 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

13

stale indictment," which resulted in the unlawful revocation of Plaintiff's probation and Plaintiff's current "false imprisonment."  *See* ECF No. 1-1, p. 1-6.  Plaintiff alleges that "Petitioner seeks a declaratory judgement (sic) to him being kidnapped by U.S. Marshals, SC Code of Laws § 16-3-920, and relief is to be granted pursuant to § 16-3-910." ECF No. 1, p. 1.

With respect to Defendant(s) "10 Unidentified U.S. Marshals," as noted above, Plaintiff's request for "declaratory relief" in this case does not state the type of plausible "case of actual controversy" required to invoke the jurisdiction of this Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Additionally, while *Heck*'s favorable termination requirement may not *automatically* bar Plaintiff from bringing the instant action since Plaintiff does not make a claim for monetary damages here, the facts alleged in Plaintiff's Complaint clearly bring the instant case under the holdings of *Heck* and its progeny which preclude § 1983/*Bivens* claims whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful.[13]  Under *Heck* and *Edwards v. Balisock*, 520 U.S. 641 (1997), Plaintiff is barred from bringing this action to have this Court declare that "10 Unidentified U.S. Marshals" "kidnapped" him.  In *Heck*, the Supreme Court of the United States held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a

---

[13] The rationale in *Heck* applies in actions under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995); *Omar v. Chasanow*, 318 Fed. Appx. 188, 189 (4th Cir. 2009).

>conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87. The United States Supreme Court then set forth the following test to be applied in § 1983/*Bivens* damages suits: "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id* at 487.

If Plaintiff were to succeed in demonstrating in the instant action that 10 Unknown U.S. Marshals kidnapped him on July 14, 2010, this Court's issuance of a declaratory judgment to that effect would certainly, necessarily imply the invalidity of Plaintiff's arrest, detention, conviction, and sentence for violation of his probation. *See Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003); *Butler v. Bazen*, C/A No. 4:10-3023-RBH-SVH, 2011 U.S. Dist. LEXIS 65998 at * (D.S.C. June 13, 2011) (citing *Ballenger*), in which the district court barred a § 1983 claim wherein the plaintiff, after pleading guilty to drug charges, brought suit against the arresting officers, seeking as relief "whatever the proper remedy may be for the violation of a Constitutional right," and alleging that the defendants violated his Fourth and Fifth Amendment rights during his arrest). *See also Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (applying *Heck* to claims for injunctive relief and holding that a claim seeking post-conviction access to evidence for DNA testing cannot be brought in a § 1983 action when a plaintiff "seek[s] access to DNA evidence for one reason and one

reason only -- as the first step in undermining his conviction") partially overruled by *Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that a state prisoner seeking DNA testing may assert that claim under § 1983 because success in such a suit for DNA testing would not "necessarily imply" the invalidity of the prisoner's conviction).

The four remaining defendants (of the total of fourteen defendants) listed on the docket in this case are: The State of South Carolina and The State of New Jersey, (11) and (12), which are listed in the caption of Plaintiff's pleading on p. 1, and again on p. 6, and alleged to have "subjected [Plaintiff] to an (sic) terrorist assualt (sic)" ECF No. 1, p. 6. Plaintiff is barred from suing both states, because each state has Eleventh Amendment immunity.[14]  The thirteenth (13th) defendant is The Bergen County N.J. system, which is also alleged to have "subjected [Plaintiff] to an (sic) terrorist assualt (sic)" ECF No. 1, p. 6.  Plaintiff fails to state a claim against this defendant because, under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), he makes no allegation that the alleged violation of his rights was caused by a Bergen County policy, custom, or practice.[15]  The fourteenth (14th) named defendant is The [SC] 9th Judicial Circuit System, which is also alleged to have "subjected [Plaintiff] to an (sic) terrorist assualt (sic)" ECF No. 1, p. 6.  Plaintiff is barred

---

[14] *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment").

[15] *See Wolf v. Fauquier County Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'") (citing *Monell*, 436 U.S. at 694).

from filing suit against the Ninth Circuit Court, a component of the State of South Carolina's unified judicial system, based on the state court's Eleventh Amendment immunity.[16]

To the extent that Plaintiff's Complaint could be very liberally construed as attempting to name additional defendants who are mentioned in the Complaint (*see* ECF No. 1, p. 6) but who are not named by Plaintiff in the Complaint's caption or listed on the docket in this case, none of the following entities and/or individuals are amenable to suit under § 1983 and/or *Bivens* for the reasons indicated: "S.C.D.C.," *i.e.* the South Carolina Department of Corrections (Eleventh Amendment immunity); "S.C. Dept. of Probation" [Parole and Pardon Services] (Eleventh Amendment immunity); "The U.S. Attornies (sic) of N.J. & S.C." (sovereign immunity)[17]; "The Att[orneys] Gen[eral] of both states" (Eleventh Amendment immunity); "The Govern[ors] of both states" (Eleventh Amendment immunity). Moreover, the doctrine of vicarious liability or *respondeat superior* is not available in §

---

[16] *See Florida Dept of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 684 (1982) (state agencies are arms of the state and entitled to Eleventh Amendment immunity); *Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987) (same).

[17] "It is axiomatic that the United States may not be sued without consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A suit against a federal agency or a federal officer in his or her official capacity is equivalent to a claim against the United States. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The United States has not consented to suit under the *Bivens* Doctrine, and the bar of sovereign immunity cannot be avoided by naming officers or employees of the United States, such as the Attorney General, as defendants. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). A *Bivens* action cannot lie against either the United States, a federal agency, or federal agents acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* action is unavailable against federal agencies); *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under *Bivens* is against federal officials individually, not the federal government.").

1983/*Bivens* actions, and there are no allegations of personal misconduct by the United States Attorneys of the States of South Carolina and New Jersey, the Attorneys General of South Carolina and New Jersey, and the Governors of South Carolina and New Jersey, regarding the alleged violations of Plaintiff's constitutional rights.  Thus, Plaintiff's Complaint is frivolous and fails to state a claim against any of these state entities and state or federal officials.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see generally Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977).

## RECOMMENDATION

Accordingly, the Court recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process.  *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983); *see also* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

September 1, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).